UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK GUSHEN,

     Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

Case No. 16-cv-10003
Hon. Matthew F. Leitman

**OPINION AND ORDER (1) SUSTAINING PLAINTIFF'S OBJECTION
(#26) TO THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION (ECF #25), (2) GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT (ECF #15), (3) DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (ECF #19), AND (4)
REMANDING PLAINTIFF'S CLAIM FOR BENEFITS FOR FURTHER
PROCEEDINGS**

In March of 2014, the Social Security Administration (the "SSA") denied

Plaintiff Patrick Gushen's applications for disability benefits.   Gushen then

requested and received a hearing before an administrative law judge (the "ALJ").

Gushen twice argued to the ALJ that he was disabled by a somatoform disorder, a

mental disorder recognized in the SSA's disability regulations, but the ALJ affirmed

the SSA's denial of benefits without considering that argument.  The SSA Appeals

Council declined to review the ALJ's decision.  Gushen now challenges the denial

of benefits in this Court.

1

The Commissioner of Social Security (the "Commissioner") concedes that the ALJ erred by failing to consider whether Gushen suffered from a somatoform disorder. The Commissioner nonetheless argues that this Court should affirm the denial of benefits on the ground that the ALJ's error was "harmless." The assigned Magistrate Judge agreed with the Commissioner and issued a report and recommendation in which he recommended that the Court grant summary judgment in favor of the Commissioner (the "R&R"). (*See* ECF #17.) Gushen filed a timely objection to the R&R (the "Objection"). (*See* ECF #18.)

For the reasons below, the Court does not share the Commissioner's confidence that the ALJ's error was harmless. Accordingly, the Court **SUSTAINS** the Objection, **DENIES** the Commissioner's motion for summary judgment, **GRANTS** Gushen's motion for summary judgment, and **REMANDS** Gushen's claim for benefits for further proceedings before the SSA.

I

A

On November 7, 2013, and July 9, 2014, respectively, Gushen filed applications for Social Security disability insurance benefits ("DIB") and supplemental security income ("SSI") (the "Applications").[1] (*See* Admin. R., ECF

---

[1] As noted in the R&R and in the Commissioner's motion for summary judgment, the administrative regulations for DIB and SSA "essentially mirror each other." (ECF #25 at 2, Pg. ID 603.) *Compare,* 20 C.F.R § 404 (DIB), *with* 20 C.F.R. § 416

2

#13-5 at 2, 16, Pg. ID 186, 200.)  In the Applications, Gushen claimed that he suffered from a variety of conditions including:

- Bipolar disorder;

- Trembling from head to toe;

- Loss of vision and depth perception;

- Hands and feet going numb;

- Loss of manual dexterity, fine motor tasks, and concentration; and

- Nausea and confusion.

(*See* Admin. R., ECF #13-3 at 2-3, Pg. ID 110-11.)  On March 28, 2014, the SSA denied the Applications on the ground that Gushen was not disabled. (*See* Admin. R., ECF #13-4 at 2-5, Pg. ID 122-125.)

Thereafter, Gushen filed a written request for a hearing before an ALJ. (*See id.* at 21-32, Pg. ID 141-152.)  The hearing was scheduled for June 17, 2015. (*See id.*)

Before the hearing, Gushen submitted a memorandum (the "Prehearing Memorandum") in which he argued that he was disabled and entitled to benefits because "he suffers from a somatoform disorder" as defined in Listing 12.07 of the Commissioner's Listing of Impairments ("Listing 12.07"). (ECF #13-4 at 59-62, Pg.

---

(SSI).  For ease of reference, the Court will cite only the DIB regulations in this Opinion and Order.

ID 179-182.)  To be found disabled on the basis of Listing 12.07, a claimant must

satisfy both "Paragraph A" and "Paragraph B" of the listing. *See* 20 C.F.R. § 404,

Subpt. P, App. 1, Listing 12.07.[2]  Paragraph A requires a showing that the claimant

suffers certain physical symptoms associated with a somatoform disorder. *See id.*

Paragraph B requires a showing that the claimant suffers from at least two out of

four functional limitations defined by the SSA. *See id.*  In full, Listing 12.07 reads:

> **12.07** *Somatoform Disorders:* Physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms.  The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
>
> > A.    Medically documented by evidence of one of the following:
> >
> > > 1. A history of multiple physical symptoms of several years duration, beginning before age 30, that have caused the individual to take medicine frequently, see a physician often and alter life patterns significantly; or

---

[2] On September 26, 2016, the SSA finalized new regulations that revise the mental disorders portion of its Listing of Impairments, including Listing 12.07. *See* Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138 (Sept. 26, 2016).   Although these revisions went into effect on January 17, 2017, the regulations provide the following instruction regarding retroactive application: "We expect that Federal courts review our final decisions using the rules that were in effect at the time we issued the decisions. If a court reverses our final decision and remands a case for further administrative proceedings after the effective date of these final rules, we will apply these final rules to the entire period at issue in the decision we make after the court's remand." *Id.* at 66138 n.1.  Accordingly, the Court applies the rules that were in effect when the ALJ issued his decision.  On remand, the Court expects the ALJ to apply the new regulation.

      2. Persistent nonorganic disturbance of one of the following:

          a.  Vision; or

          b.  Speech; or

          c.  Hearing; or

          d.  Use of a limb; or

          e.  Movement and its control (e.g., coordination disturbance, psychogenic seizures, akinesia, dyskinesia;) or

          f.  Sensation (e.g., diminished or heightened).

      3.  Unrealistic interpretation of physical signs or sensations associated with the preoccupation or belief that one has a serious disease or injury;

AND

    B.    Resulting in at least two of the following:

      1. Marked restriction of activities of daily living; or

      2. Marked difficulties in maintaining social functioning; or

      3.  Marked difficulties in maintaining concentration, persistence, or pace;

      4.  Repeated episodes of decompensation, each of extended duration.

20 C.F.R. § 404, Subpt. P, App. 1, Listing 12.07.

The Prehearing Memorandum addressed both Paragraph A and Paragraph B of Listing 12.07. With respect to Paragraph A, Gushen identified medical evidence that supported a conclusion that he suffered from "persistent nonorganic disturbance of his vision and sensation," such as blurred vision, tunnel vision and numbness of his limbs. (ECF #13-4 at 61, Pg. ID 181.) With respect to Paragraph B, Gushen cited to medical evidence demonstrating that his symptoms interfere with his daily living, social functioning, and concentration. (*See id.*)

At the June 17, 2015, hearing, Gushen's attorney reiterated to the ALJ that Gushen "meets [L]isting 12.07," and he echoed the points in the Prehearing Memorandum concerning Paragraph A and Paragraph B of that listing. (ECF #13-2 at 40, Pg. ID 77.) The ALJ then confirmed on the record that he had read the Prehearing Memorandum. (*Id.* at 41, Pg. ID 78.)

On September 4, 2015, the ALJ issued a written decision denying Gushen's claim for benefits (the "ALJ's Decision"). (*See* ECF #13-2 at 18-29, Pg. ID 55-66.) The ALJ first explained that he would apply the SSA's required five-step sequential analysis to determine whether Gushen was disabled. The five steps are as follows:

> **Step One:** Has claimant engaged in substantial gainful activity? If not, move to Step Two.
>
> **Step Two**: Does claimant suffer from one or more severe impairments? If so, move to Step Three.
>
> **Step Three:** Does claimant's impairments or combination of impairments meet or medically equal the criteria of an

6

impairment listed in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, claimant is disabled. If not, move to Step Four.

**Step Four:** Considering claimant's residual functional capacity, can the claimant perform his or her past relevant work. If not, move to Step Five.

**Step Five:** Considering claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy. If not, claimant is disabled.

*See* 20 C.F.R. § 404.1520.

At Step One, the ALJ found that Gushen did not engage in substantial gainful activity, and at Step Two, the ALJ concluded that Gushen suffered from the severe impairments of "hypertension, obesity, bipolar disorder, and anxiety disorder." (ECF #13-2 at 20-21, Pg. ID 57-58.)

At Step Three, the ALJ made the following finding:

> [Gushen] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404 Subpart P, Appendix 1.

(*Id.* at 21-23, Pg. ID 58-60.) In arriving at this finding, the ALJ discussed only whether Gushen's condition satisfied Listing 12.04 ("Affective Disorders") and Listing 12.06 ("Anxiety-related Disorders").[3] (*See id.*) The ALJ did not address

---

[3] The ALJ's analysis of Listings 12.04 and 12.06 is discussed in more detail below.

whether Gushen's condition satisfied Listing 12.07.  The ALJ ignored Listing 12.07 even though Gushen twice brought it to the ALJ's attention. (*See id.*)

The ALJ ultimately concluded that Gushen was not disabled because "there are jobs that exist in significant numbers in the national economy that the Gushen can perform."  (*Id.* at 28, Pg. ID 65.)

**B**

On January 3, 2016, Gushen filed this action challenging the SSA's denial of benefits. (*See* Compl., ECF #1.)  Gushen and the Commissioner then filed cross-motions for summary judgment. (*See* Pl.'s Mot. Summ. J., ECF #15; Def.'s Mot. Summ. J., ECF #19.)   The Court referred the cross-motions to the assigned Magistrate Judge.  Although the cross-motions raised a number of issues, the Magistrate Judge invited the parties to narrow the issues prior to oral argument on the motions. (*See* R&R, ECF #21 at 9-10, Pg. ID 610-611.)  On December 21, 2016, Gushen's counsel notified the Magistrate Judge that Gushen wished to proceed solely on his claim that the ALJ committed a reversible error by failing to consider whether his impairments met Listing 12.07. (*See* ECF #24 at 1, Pg. ID 601.)

On December 29, 2016, the Magistrate Judge issued the R&R in which he recommends that the Court grant the Commissioner's motion and deny Gushen's motion. (*See* ECF #25.)  While the Magistrate Judge "agreed with [Gushen] that the

8

ALJ erred by inexplicably failing to discuss Listing 12.07," he ultimately concurred with the Commissioner that the ALJ's error was "harmless."[4] (*Id.*)

On January 11, 2017, Gushen filed the Objection. (*See* ECF #26.)   The Objection objects solely "to the finding of the Magistrate Judge that the ALJ's failure to address Listing 12.07 was harmless error." (*Id.* at 4, Pg. ID 627.)

## II

## A

When a party objects to a portion of a Magistrate Judge's R&R, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004).  The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## B

In reviewing the disputed findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and are made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Substantial evidence is "more than a scintilla

---

[4] The reasoning underlying the Commissioner's harmless error argument is described in more detail below.

of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. "[A] court is obligated to remand for further administrative proceedings if there are any unresolved essential factual issues." *Meehleder v. Comm'r of Soc. Sec.*, 2012 WL 3154968, at *2 (E.D. Mich. Aug. 2, 2012) (citing *Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994)).

## III

The Commissioner's harmless error argument effectively involves several steps, and it is most easily understood when broken down into those steps. The steps are as follows:

> **Step 1**: The ALJ analyzed in detail whether Gushen satisfied the mental disorders found at Listing 12.04 ("Affective Disorders") and Listing 12.06 ("Anxiety-related Disorders").
>
> **Step 2**: Like Listing 12.07, Listings 12.04 and 12.06 both require a claimant to satisfy criteria set forth in two separate paragraphs: Paragraph A and Paragraph B. And as with Listing 12.07, Paragraph A of Listings 12.04 and 12.06 identifies a set of symptoms, and Paragraph B of Listings 12.04 and 12.06 identifies a set of functional limitations caused by the symptoms.
>
> **Step 3**: The wording of Paragraph B is identical for Listings 12.04, 12.06, and 12.07. For all three Listings, Paragraph B provides as follows:

B.      Resulting in at least two of the following:

1.  Marked restriction of activities of daily living; or

2.  Marked difficulties in maintaining social functioning; or

3.  Marked difficulties in maintaining concentration, persistence, or pace; or

4.  Repeated episodes of decompensation, each of extended duration.

**Step 4**:     Because the wording of Paragraph B is identical for Listings 12.04, 12.06, and 12.07, the analysis of whether a claimant satisfies Paragraph B of Listing 12.07 is necessarily the same as the analysis of whether a claimant satisfies Paragraph B of Listing 12.04 and Listing 12.06.

**Step 5**:     By considering whether Gushen satisfied Paragraph B of Listings 12.04 and 12.06 and finding that he did not, the ALJ effectively considered whether Gushen satisfied Paragraph B of Listing 12.07 and effectively found that Gushen did not satisfy that paragraph.

**Step 6**:     The ALJ's finding that Gushen did not satisfy Paragraph B of Listings 12.04 and 12.06 is supported by substantial evidence.

**Step 7**:     Accordingly, the ALJ's failure to mention and separately address Listing 12.07 was a harmless error.

(*See* Commissioner's Response to the Objection, ECF #28 at 2-5, Pg. ID 652-655.)

The Court cannot accept a central premise of this argument: namely, that the

analysis of whether a claimant satisfies Paragraph B of Listing 12.07 is necessarily

the same as the analysis of whether a claimant satisfies Paragraph B of Listing 12.04 and Listing 12.06. While the language of Paragraph B in all three listings is identical, SSA regulations make clear that the application of Paragraph B in Listing 12.07 will not always mirror the application of Paragraph B of Listings 12.04 and 12.06.

The key SSA regulation in this regard is 20 C.F.R. § 404, Subpt. P, App. 1, Listing 12.00(A) ("Listing 12.00(A)") – the introductory listing to the SSA's regulations on mental disorders. Listing 12.00(A) addresses how the SSA must apply Paragraph B in, among other things, Listings 12.04, 12.06, and 12.07. It provides:

> The criteria in paragraphs B and C describe impairment-related functional limitations that are incompatible with the ability to do gainful activity. The functional limitations in paragraphs B and C *must be the result of the mental disorder described in the diagnostic description that is manifested by the medical findings in paragraph A*.

20 C.F.R. § 404, Subpt. P, App. 1, Listing 12.00(A) (emphasis added). The italicized language from Listing 12.00(A) requires the SSA to consider the Paragraph B functional limitations for each listing in light of the *specific mental disorder in Paragraph A of that listing*. Thus, in analyzing whether Gushen's limitations met Paragraph B of Listing 12.04 ("Affective Disorders"), the ALJ was required to consider functional limitations that were the result of affective disorders. And in analyzing Paragraph B of Listing 12.06 ("Anxiety-Related Disorders"), the ALJ was

12

obligated to consider functional limitations that were the result of anxiety-related disorders. Finally, had the ALJ applied Paragraph B of Listing 12.07, he would have had to consider functional limitations that were the result of somatoform disorders.

Critically, the functional limitations that result from affective disorders and anxiety-related disorders may differ from the limitations that result from somatoform disorders. Affective disorders and anxiety-related disorders manifest themselves through *emotional* "disturbances," such as "depressive syndrome," "manic syndrome," or anxiety. 20 C.F.R. § 404, Subpt. P, App. 1, Listing 12.04, Listing 12.06. Thus, when conducting a Paragraph B functional limitation analysis for these disorders, the SSA considers whether the claimant's *mental/emotional* symptoms cause two of the four listed limitations. In contrast, somatoform disorders manifest themselves through "*physical* symptoms for which there are no demonstrable organic findings or known psychological mechanisms." 20 C.F.R. § 404, Subpt. P, App. 1, Listing 12.07 (emphasis added). Thus, when conducting a Paragraph B functional limitations analysis for somatoform disorders, the SSA considers, among other things, whether the claimant's *physical* symptoms result in two of the four listed limitations. Stated another way, when a claimant seeks benefits based upon a somatoform disorder under Listing 12.07, "the salient issue" for purposes of the Paragraph B functional limitations analysis may be "whether the *physical* symptoms manifested by the disorder [are] so debilitating as to render [the claimant] disabled

13

and unable to work." *Strickland v. Colvin*, 2016 WL 1270633 at *6 (N.D. Ala. 2016) (emphasis added).

Simply put, the analysis of whether a claimant's somatoform disorder satisfies the Paragraph B functional limitations criteria in Listing 12.07 does not necessarily mirror the analysis of whether a claimant's affective disorder and/or anxiety-related disorder satisfies the same criteria in Listing 12.04 and 12.06.  Accordingly, the ALJ's consideration of the Paragraph B functional limitations for affective disorders and anxiety-related disorders is not necessarily a fair substitute for an independent consideration of whether Gushen's somatoform disorder satisfied the Paragraph B functional limitations criteria in Listing 12.07.[5]

The ALJ's written decision confirms that he restricted his Paragraph B analysis to limitations that were the result of *emotional* disturbances caused by affective disorders and anxiety disorders and did not consider potential limitations that were the result of the *physical* symptoms of a somatoform disorder.  In analyzing

---

[5] The Court is aware of decisions that suggest that the Paragraph B functional limitations analysis in Listings 12.04 and 12.06 always mirrors the Paragraph B functional limitations analysis in Listing 12.07. *See*, *e.g.*, *Henningsen v. Astrue*, 2013 WL 791771 (D. Minn. Feb 13, 2013); *Pizarro v. Colvin*, 2015 WL 1276699 (C.D. Cal. March 19, 2015).  But those decisions do not discuss the requirement of Listing 12.00(A), noted above, that "[t]he functional limitations in paragraphs B and C must be the result of the mental disorder described in the diagnostic description that is manifested by the medical findings in paragraph A." *See Henningsen*, 2013 WL 791771 at *18-19; *Pizarro*, 2015 WL 1276699 at *5-6

14

the first Paragraph B factor, "marked restriction of activities of daily living," the

ALJ wrote:

> The claimant indicated that he experienced some difficulty performing his activities of daily living *when experiencing acute episodes of depression or anxiety*. His physician corroborated this assertion. However, the record does not establish that he experienced these acute episodes with sufficient frequency to restrict his performance of these activities, and his testimony shows that he was generally able to perform these activities without difficulty. The treatment notes generally showed that his *psychological symptoms* were moderate, but they do not show that *these symptoms* had a meaningful impact on his capacity to perform these activities. This evidence warrants only a finding of mild restriction.

(ECF #13-2 at 21, Pg. ID 58; emphasis added.)

In analyzing the second Paragraph B factor, "marked difficulties in maintaining social functioning," the ALJ wrote:

> In social functioning, the claimant has moderate difficulties. The claimant indicated that he lost jobs in the past due to his behavioral and communication problems *second to his bipolar and anxiety disorders*. The treatment notes confirm that the claimant manifested signs of irritability, anger, depression, and anxiety, and that these conditions negatively affected his capacity for appropriate socialization with others. However, the treatment notes and examination reports show that he generally communicated effectively with, and behaved well towards, medical staff. Moreover, the notes show that he only *manifested signs of moderate depression and anxiety*.

(ECF #13-2 at 21-22, Pg. ID 58-59; emphasis added)

In analyzing the third Paragraph B factor, "marked difficulties in maintaining concentration, persistence, or pace," the ALJ wrote:

> The claimant indicated that his depression and anxiety negatively affected his memory, as well as his capacity to concentrate and adapt to changing environments and stressors. The treatment notes show that he manifested the above *psychological symptoms*, and that his doctor indicated that his symptoms were aggravated by exposure to stressors. However, the treatment notes and examination reports show that he was able to accurately answer the questions asked of him during the *psychological examination*, and that he showed no signs of acute or overt *cognitive impairment*. Moreover, the notes show that he only manifested signs of *moderate depression and anxiety*.

(ECF #13-2 at 22, Pg. ID 59; emphasis added.)

Because Gushen may have suffered from additional limitations that were the result of the *physical* symptoms of his possible somatoform disorder, the Court concludes that the ALJ's Paragraph B analysis for Listings 12.04 and 12.06 – which focused only on limitations caused by mental/emotional symptoms – was not necessarily an effective substitute for an analysis under Paragraph B of Listing 12.07. Thus, the Court declines to affirm the denial of benefits based upon the Commissioner's argument that the ALJ's failure to consider Listing 12.07 was a mere harmless error.

16

**IV**

The Commissioner also argues that Gushen did not satisfy Paragraph A of Listing 12.07 because "nowhere in the record was [Gushen] diagnosed with somatoform disorder."[6] (ECF #19 at 11, Pg. ID 580.) But the ALJ's Decision did not consider whether there is evidence in the record (including the medical evidence Gushen identified in the Prehearing Memorandum) that satisfies Paragraph A of Listing 12.07. The case is remanded to the Commissioner to determine whether Gushen's impairments meet the requirements of Listing 12.07. *See Reynolds v. Commissioner of Social Security*, 424 Fed. App'x 411, 416 (6th Cir. 2011) ("In short, the ALJ needed to actually evaluate the evidence, compare it to Section 1.00 of the Listing, and give an explained conclusion, in order to facilitate meaningful judicial review. Without it, it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence.").

---

[6] In making this argument, the Commissioner relies on the premise that Gushen's diagnosis for "conversion reaction disorder" is not the same as a diagnosis for "somatoform disorder." (*See* ECF #28 at 4-5, Pg. ID 644-45.) Gushen insists that a "conversion reaction disorder" is synonymous to a "somatoform disorder." (*See* ECF #26 at 6 n.1, Pg. ID 629.) Although the Court does not take a position on this question here, it points out that the revised regulations – enacted after the ALJ decision in this matter – instruct that "conversion disorder[s]" should be evaluated under Listing 12.07 ("Somatic symptom and related disorders"). *See* Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138, 66162 (Sept. 26, 2016).

# V

For the reasons stated above, **IT IS HEREBY ORDERED** that

- Gushen's Objections to the R&R (ECF #26) are **SUSTAINED**;

- Gushen's Motion for Summary Judgment (ECF #15) is **GRANTED**;

- The Commissioner's Motion for Summary Judgment (ECF #19) is **DENIED**; and

- The case is **REMANDED** to the Commissioner for further proceedings consistent with this order.   Such proceedings shall include an assessment of Gushen's claim that he satisfies the criteria set forth in Listing 12.07.


s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 23, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 23, 2017, by electronic means and/or ordinary mail.

s/Karri Sandusky (in the absence of Holly A. Monda)
Case Manager
(313) 234-5241