UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK GUSHEN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 16-cv-10003
Hon. Matthew F. Leitman

## **OPINION AND ORDER DENYING PLAINTIFF'S PETITIONS FOR ATTORNEY FEES (ECF ## 35, 38, 39)**

In March of 2014, the Social Security Administration (the "SSA") denied Plaintiff Patrick Gushen's applications for disability benefits. Gushen challenged the denial of benefits in this Court. On February 23, 2017, the Court (1) ruled in favor of Gushen on the ground that the Commissioner of Social Security (the "Commissioner") failed to make certain required findings and (2) remanded the case to the Commissioner for further proceedings.

Gushen has now petitioned the Court for his attorney fees under the Equal Access to Justice Act (the "EAJA" or "Act"), 28 U.S.C. § 2412. (*See* ECF ## 32, 35, 38, 39) As explained below, the Court concludes that Gushen is not entitled to an award of attorney fees under the Act.

1

# I

## A

On November 7, 2013, and July 9, 2014, respectively, Gushen filed applications for Social Security disability insurance benefits and supplemental security income (the "Applications") with the SSA. (*See* Admin. R., ECF #13-5 at Pg. ID 186, 200.) On March 28, 2014, the SSA denied the Applications on the ground that Gushen was not disabled. (*See* Admin. R., ECF #13-4 at Pg. ID 122-125.)

Gushen then filed a written request for a hearing before an Administrative Law Judge (an "ALJ"). (*See id.* at Pg. ID 141-152.) Before the hearing, Gushen submitted a memorandum in which he argued that he was disabled and entitled to benefits because "he suffers from a somatoform disorder" as defined in Listing 12.07 of the Commissioner's Listing of Impairments ("Listing 12.07"). (*See id.* at Pg. ID 179-182.) At the June 17, 2015, hearing, Gushen's attorney reiterated to the ALJ that Gushen "meets [L]isting 12.07." (ECF #13-2 at Pg. ID 77.)

On September 4, 2015, the ALJ issued a written decision denying Gushen's claim for benefits. (*See id.* at Pg. ID 55-66.) In that decision, the ALJ discussed only whether Gushen's condition satisfied Listing 12.04 (titled "Affective Disorders") and Listing 12.06 (titled "Anxiety-related Disorders"). (*See id.*) The ALJ did not

address whether Gushen's condition satisfied Listing 12.07 even though Gushen twice brought this listing to the ALJ's attention. The ALJ ultimately concluded that Gushen was not disabled because "there are jobs that exist in significant numbers in the national economy that [Gushen] can perform." (*Id.* at Pg. ID 65.)

B

On January 3, 2016, Gushen filed this action challenging the SSA's denial of benefits. (*See* Compl., ECF #1.) Gushen and the Commissioner then filed cross-motions for summary judgment. (*See* Pl.'s Mot. Summ. J., ECF #15; Def.'s Mot. Summ. J., ECF #19.) The Court referred the cross-motions to the assigned Magistrate Judge.

The cross-motions raised a number of issues, but the Magistrate Judge invited the parties to narrow the issues prior to oral argument. (*See* Report and Recommendation, ECF #21 at Pg. ID 610-611.) Gushen's counsel then notified the Magistrate Judge that Gushen wished to proceed solely on his claim that the ALJ committed a reversible error by failing to consider whether his impairments met Listing 12.07. (*See* ECF #24 at Pg. ID 601.) In response to this claim, the Commissioner conceded that the ALJ erred by failing to consider whether Gushen suffered from a somatoform disorder. (*See* Report and Recommendation, ECF #25 at Pg. ID 613.) The Commissioner nonetheless argued that this Court should affirm the denial of benefits on the ground that the ALJ's error was harmless.

On December 29, 2016, the Magistrate Judge issued a Report and Recommendation (the "R&R") in which he recommended that the Court grant the Commissioner's motion and deny Gushen's motion. (*See* ECF #25.) In the R&R, the Magistrate Judge agreed with the Commissioner's harmless error argument. Specifically, the Magistrate Judge agreed with the Commissioner that when the ALJ provided a well-supported explanation for why Gushen's impairments did not satisfy Listings 12.04 and 12.06, the ALJ had effectively decided that Gushen's impairments did not satisfy Listing 12.07. (*See id.* at Pg. ID 620-21.) The Magistrate Judge reasoned that because Paragraph B of Listing 12.07 was identical to Paragraph B of Listings 12.04 and 12.06, the ALJ's "Paragraph B findings regarding Listings 12.04 and 12.06 may be reasonably extrapolated to encompass what the ALJ would have concluded in analyzing the same factors under Listing 12.07." (*Id.*) Thus, while the Magistrate Judge "agreed with [Gushen] that the ALJ erred by inexplicably failing to discuss Listing 12.07," he ultimately concurred with the Commissioner that the ALJ's error was "harmless." (*Id.*)

## C

Gushen then filed an objection to the R&R (the "Objection"). (*See* ECF #26.) Gushen objected solely "to the finding of the Magistrate Judge that the ALJ's failure to address Listing 12.07 was harmless error." (*Id.* at Pg. ID 627.) On February 23, 2017, the Court issued an Opinion and Order (the "Remand Order") in which it

sustained the Objection, granted Gushen's motion for summary judgment, and remanded the case to the Commissioner for further proceedings. (*See* Remand Order at 18, ECF #30 at Pg. ID 666.)

In the Remand Order, the Court concluded that the ALJ's failure to address Listing 12.07 was not "harmless" because "SSA regulations make clear that the application of Paragraph B in Listing 12.07 will not always mirror the application of Paragraph B of Listings 12.04 and 12.06." (*Id.* at Pg. ID 660.) The Court's conclusion rested primarily on a regulation that neither Gushen nor the Commissioner cited in their briefs – namely, 20 C.F.R. § 404, Subpt. P, App. 1, Listing 12.00(A) ("Listing 12.00(A)"). (*See id.*) This introductory listing addresses how the SSA must apply Paragraph B in, among other things, Listings 12.04, 12.06, and 12.07. It provides:

> The criteria in paragraphs B and C describe impairment-related functional limitations that are incompatible with the ability to do gainful activity. The functional limitations in paragraphs B and C *must be the result of the mental disorder described in the diagnostic description that is manifested by the medical findings in paragraph A*.

20 C.F.R. § 404, Subpt. P, App. 1, Listing 12.00(A) (emphasis added). The Court interpreted Listing 12.00(A) to require "the SSA to consider the Paragraph B functional limitations for each listing in light of the *specific mental disorder in Paragraph A of that listing*." (*Id.*; emphasis added.)

5

The Court then identified important differences between the functional limitations that result from somatoform disorders (Listing 12.07) and the functional limitations that result from affective disorders or anxiety-related disorders (Listings 12.04 and 12.06). (*See id.* at 661-662.) The Court analyzed the ALJ's written decision in light of these differences and concluded that "ALJ's consideration of the Paragraph B functional limitations for affective disorders and anxiety-related disorders [was] not necessarily a fair substitute for an independent consideration of whether Gushen's somatoform disorder satisfied the Paragraph B functional limitations criteria in Listing 12.07." (*Id.* at 662-664.) Thus, the Court held that the ALJ's failure to consider Listing 12.07 was not "harmless." (*Id.*) Accordingly, the Court granted Gushen's motion for summary judgment and remanded the case to the Commissioner for further proceedings. (*See id.* at Pg. ID 666.)

**D**

After the Court ruled in Gushen's favor, he petitioned the Court for attorney fees under the EAJA. (*See* ECF #32.) The Commissioner objected to Gushen's petition on April 6, 2017. (*See* ECF #33.) Gushen replied to the Commissioner's objection on April 20, 2017. (*See* ECF #34.) He also amended his petition to add fees for the time his attorney spent defending the petition.[1] (*See* "Amended Petition for Attorney Fees," ECF #35.)

---

[1] Gushen erroneously labeled this filing "Amended Motion for Attorney Fees."

6

On July 12, 2017, the Court held a telephonic hearing on Gushen's petition. During the telephonic hearing, the Court ordered Gushen and the Commissioner to file supplemental briefing addressing whether an award of fees under the EAJA is appropriate where the Commissioner's position during the administrative hearing was not substantially justified but where the Commissioner's later position in federal court was substantially justified. On August 11, 2017, Gushen and the Commissioner filed their supplemental briefs.[2] (*See* ECF #39, 40.) Gushen also amended his petition again to reflect the additional time his attorney spent drafting the supplemental brief. (*See* "Third Petition for Attorney Fees," ECF #38.) He requests a total of $7,862.50 for 62.9 hours of work. (*See id.* at Pg. ID 729.)

## II

### A

"The purpose of the EAJA is to remove financial obstacles to challenging unreasonable government action." *Minor v. Commissioner of Social Security*, 826 F.3d 878, 881 (6th Cir. 2016). "Under the EAJA, 'a court shall award to a prevailing party' in a civil action against the United States 'fees and other expenses … unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Glenn v. Commissioner of Social*

---

[2] Gushen erroneously labeled his supplemental brief "Motion EAJA Fees." (*See* ECF #39.)

7

*Security.*, 763 F.3d 494, 498 (6th Cir. 2014) (quoting 28 U.S.C. §2412(d)(1)(A) and *DeLong v. Commissioner of Social Security*, 748 F.3d 723, 725 (6th Cir. 2014)).

Here, the Commissioner does not dispute that Gushen is the prevailing party. (*See* ECF #33.) The Commissioner also does not claim that there are special circumstances that warrant denying Gushen attorney fees. (*See id.*) Thus, Gushen is entitled to attorney fees unless the Government's position was "substantially justified." 28 U.S.C. § 2412(d).

**B**

"The Government bears the burden of proving that a given position was substantially justified." *DeLong*, 748 F.3d at 725. To meet this burden, the Commissioner must demonstrate that her position was "justified to a degree that could satisfy a reasonable person" and that her position had "a reasonable basis both in law and fact." *Glenn*, 763 F.3d at 498 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (internal quotation marks omitted). The "Commissioner's position may be substantially justified even if a district court rejects it." *DeLong*, 748 F.3d at 725.

In reviewing whether the Commissioner's position "was substantially justified," the Court considers both "the position taken by the United States in the civil action [and] the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2). The Court then makes a single determination of

whether the Government's position "as a whole" was substantially justified. *Amezola-Garcia v. Lynch*, 835 F.3d 553,555 (6th Cir. 2016) (*quoting E.E.O.C. v. Memphis Health Ctr., Inc.*, 526 Fed. App'x. 607, 615 (6th Cir. 2013)). Critically, the Government's position "as a whole" can be substantially justified even if the Government's actions *at the agency level* were not substantially justified. *See id.*

### C

Although there was little justification for the ALJ's failure to analyze Gushen's condition under Listing 12.07, the Court finds that the Commissioner's position *as a whole* was substantially justified because the Commissioner's position in this Court was eminently reasonable and because the ALJ's error was procedural rather than substantive. The Sixth Circuit's decisions in *Amezola-Garcia* and *DeLong*, *supra*, are instructive in this regard.

In *Amezola-Garcia*, a Mexican citizen filed a petition challenging a final order of removal entered by the Board of Immigration Appeals ("BIA"). *See Amezola-Garcia*, 835 F.3d at 554. The petitioner argued that the BIA made several errors. *See id.* In the Sixth Circuit, the Government "opposed most of [the] petition, but it did concede error with respect to one issue. *Id.* "In light of the Government's concession, [the Sixth Circuit] remanded [for further proceedings on the issue that was the subject of the concession and] held that the remainder of [the] petition was without merit." *Id*. The petitioner then sought fees under the EAJA. *See id.* The

9

Sixth Circuit denied the fee request on the ground that the Government's position was "substantially justified." *Id.* Critically, the Sixth Circuit assumed that the Government's "pre-litigation position" (i.e. its position at the agency level) on the issue that was the subject of the remand "was *not* justified," *id.* at 555 (emphasis added), but the court nonetheless concluded that the Government's position "as a whole" *was* substantially justified. *Id.* at 555-56. The court reached this conclusion because, among other things, (1) "the Government's litigation position before this Court was entirely justified" and (2) the Government "conceded" that it had committed an error at the administrative level. *Id.*

This case has important parallels to *Amezola-Garcia*. Most significantly, like the Government in that case, the Commissioner advanced a litigation position in this Court that was entirely justified. Indeed, the Commissioner's harmless error argument in this Court – specifically, that when the ALJ explained why Gushen's impairments did not satisfy Listings 12.04 and 12.06, the ALJ had effectively decided that Gushen's impairments did not satisfy Listing 12.07 – had been endorsed (albeit in dicta) by two district courts.[3] And neither the Court in the Remand Order,

---

[3] *See Pizarro v. Colvin*, 2015 WL 1276699, at *5-6 (C.D. Cal. March 19, 2015); *Henningsen v. Astrue*, 2013 WL 791771, at *18-19 (D. Minn. Feb 13, 2013). Indeed, the Commissioner's citation to *Pizarro* was the only instance in which either party cited case law that directly addressed the central issue before the Court – whether an ALJ's failure to evaluate a claimant's condition under one neurological listing is merely "harmless error" if that ALJ concluded that the claimant did not satisfy identical Paragraph B functional limitations requirements in another neurological

10

nor Gushen in his briefs, was able to identify a single federal case that was directly contrary to the Commissioner's position.[4] Thus, the legal issue was a novel and challenging one, and the Commissioner was entirely justified in advancing her "harmless error" argument. *See United States v. Certain Land Situated in City of Detroit*, 600 F. Supp. 2d 880, 897 (E.D. Mich. 2009) ("If the case turns on an unsettled or 'close' question of law, the Government's position will normally be substantially justified notwithstanding the fact that its legal position is ultimately rejected.") (quoting *Washington v. Heckler*, 756 F.2d 959, 961-62 (3d Cir. 1985)). Moreover, like the Government in *Amezola-Garcia*, the Commissioner conceded that the ALJ erred during the administrative proceedings. Thus, *Amezola-Garcia* strongly supports the Commissioner's argument that her position "as a whole" was substantially justified.

---

listing. The district courts in *Pizzaro* and *Henningsen agreed* with the Commissioner that the Paragraph B functional limitations analysis in Listings 12.04 and 12.06 *always* mirrors the Paragraph B functional limitations analysis in Listing 12.07. *Id.* The Court declined to follow the reasoning of *Pizzaro* and *Henningsen* because these decisions do not appear to have accounted for the language in Listing 12.00(A). (*See* Remand Order, ECF #30 at Pg. ID 662 n. 5.)

[4] In the Remand Order, the Court cited *Strickland v. Colvin*, 2016 WL 1270633, *6 (N.D. Ala. March 31, 2016), to explain how the functional limitations that result from a somatoform disorder may differ from functional limitations that result from affective or anxiety-related disorders. (*See* Remand Order, ECF #30 at Pg. ID 661-62.) However, the court in *Strickland* did not consider the "harmless error" argument advanced by the Commissioner in this case, and thus was not directly contrary to that argument.

The Sixth Circuit's decision in *DeLong* further weighs against an award of attorney fees here. The court in *DeLong* affirmed a denial of fees under the EAJA where the district court "vacated the ALJ's decision and remanded [the] case based on [a] procedural error rather than on substantive grounds." *DeLong*, 748 F.3d at 727. The court explained:

> [R]emand on procedural grounds may result in yet another denial of benefits, and we might well sustain such a denial on appeal. Accordingly, we hold that an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification. A fully justified position may be poorly explained, and remand may be the most appropriate vehicle for elucidating that position. Thus, although remand on any ground theoretically may support an award of fees under the EAJA, such *an award is not appropriate when nothing about the specific remand at issue implies a lack of substantial justification.*

*Id.* (emphasis added).

Similarly in this case, the Court's Remand Order did not find that the ALJ's ultimate conclusion to deny Gushen benefits was substantively unjustified. Rather, the Court remanded the case because the ALJ committed a procedural error – he failed to address whether Gushen's impairments meet Listing 12.07. Although this procedural error was not harmless – because there was a possibility that Gushen might be found disabled under Listing 12.07 despite not being found disabled under Listing 12.04 and 12.06 – the ALJ's analysis on remand might still "result in yet another denial of benefits, and [the Court] might well sustain such a denial on

12

appeal." *Id.* Thus, as in *DeLong,* the Commissioner's position "as a whole" did not lack substantial justification simply because the ALJ committed a procedural error at the agency level.[5]

Finally, Gushen has not cited a single case in which a court awarded fees under the EAJA where the Commissioner advanced a well-reasoned (but ultimately unsuccessful) harmless error argument. Gushen's failure to do so is significant because the Court directly asked his counsel to provide the Court with such cases during the July 12, 2017, telephonic hearing. Given the Sixth Circuit's opinions in *Amezola-Garcia* and *DeLong*, and Gushen's inability to cite any authority to the contrary, the Court finds that the Commissioner's position "as a whole" was substantially justified and that an award of attorney fees under the EAJA would therefore be inappropriate.

---

[5] The Court error in *DeLong* was not identical to the ALJ's error in this case. In *DeLong*, the ALJ "fail[ed] to *explain* his findings adequately." *DeLong*, 742 F.3d at 727 (emphasis added). In contrast, the ALJ in this case did not simply fail to explain himself. He committed the more serious error of failing even to consider whether Gushen's conditions satisfied Listing 12.07. But the ALJ's error was nonetheless procedural, and despite the error, the denial of benefits may ultimately prove to be substantively justified.

## III

For the reasons stated above, **IT IS HEREBY ORDERED** that Gushen's Amended Petition for Attorney Fees (ECF #35) and Third Petition for Attorney Fees (ECF #38) are **DENIED.** In addition, Gushen's supplemental brief (ECF #39), which was erroneously filed as a separate motion, is **DENIED.**

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 15, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 15, 2017, by electronic means and/or ordinary mail.

s/ Holly A. Monda
Case Manager
(810) 341-9764